### FIFIELD *v*. WHITTEMORE.

*(Circuit Court, D. Massachusetts.    August 8, 1883.)*

PATENTS FOR INVENTIONS—LETTERS PATENT No. 150,305 SUSTAINED.

> Letters patent No. 150,305, issued to J. Wesley Dodge, February 28, 1874, for an improvement in tools for finishing the edges of soles of boots and shoes, are valid; and the fourth and fifth claims of said patent are not void for want of novelty, or by reason of being anticipated by the Hodges patents, Nos. 117,287 and 129,825, and the Addy patent, No. 142,756, as claimed.

In Equity.

*James E. Maynadier*, for complainants.

*Thomas W. Porter*, for defendant.

LOWELL, J.    The plaintiff owns the patent, No. 150,305, issued to J. Wesley Dodge, February 28, 1874, for an improvement in tools for finishing the edges of soles of boots and shoes.    The specification describes a balanced tilting frame hung over head, to which a steel rod is attached by a ball and socket-joint, and at the other end the rod is fastened to the burnishing tool by a similar joint.    This arrangement gives in a simple and efficient manner a great freedom of movement to the burnishing tool, to enable it to follow the curves of the edge of a shoe sole.    The tool is driven by a belt, which passes round the upper frame near the rod, and comes down through the hollow handle of the tool.    The patentee says, in his specification, that an inferior tool may be made with a belt running outside the handle, instead of through the hollow or tubular handle.    In practice it is found that when the belt runs through the handle, at the great speed necessary for the best and quickest work, it heats the handle, and the belt itself is quickly worn out.    The patentee discovered that he could make a better and not an "inferior" tool by putting the belt outside the handle; and 400 machines, in the new form, have been made and sold by the plaintiff.    But in order to carry the belt outside, it was found necessary, or, at least, advisable, to add a supplemental rod, with a spiral spring, which keeps the belt in position when the tool is tipped in various directions to follow the curve of the sole.    The improvement was made by Dodge himself, but not patented, and is supposed by the plaintiff to be covered by the original patent, as it certainly is by claims 4 and 5, if they are valid.

Machines, such as are now made by the plaintiff, have been copied and sold by the defendant, at first under the belief that he was the equitable owner of the Dodge patent, but now under the claim that the patent is void. His claim of equitable right depended upon an agreement made by Dodge with the shoe machinery company, of whom the defendant has since bought all their tools, rights, etc., to assign to them all patents which Dodge should take out for inventions made while he was in their employ, as this invention was. The claim was disputed by Dodge, and a settlement was made, before this suit was brought, by which this equitable claim was abandoned; and it forms no part of this case.

The second defense is that the fourth and fifth claims of the patent are void, because no working machine is described in the patent, and for want of invention, because of two preceding patents of Hodges, Nos. 117,287 and 129,825, and one of Addy, No. 142,756, which are in the case. The claims are:

"(4) In combination with the tool-stock, the connector rod, $r$, jointed to the handle or stock by the ball and socket-joint, $s$, substantially as shown and described. (5) A pendent swinging-tool frame, jointed to a swinging-tool frame by a ball and socket-joint, or its equivalent, the combination of the two frames thus jointed giving to the tool a capability of motion in any and every direction; the pendent frame having the burnisher wheel shaft journaled in it, and a pulley on said shaft for connection with the pulley upon the shaft from which the frame is suspended, substantially as shown and described."

The first three claims are made to cover the form of tool shown in the drawings, with a hollow handle, and the two above quoted, to cover the other form.

The two objections, as I have said, are:

*First.* That no practical machine is described. The patentee and the plaintiff both testify that the machine would and did work in the form in which it appears in the patent; a witness for the defendant testifies that its working was not satisfactory. It is doubtful how far the machine would have been a commercial success, if at all, in that form. But that it was a working machine has not been disproved. The patent itself throws the burden of proof on the defendant, and he has complained that the plaintiff has produced in court no working model; but that was for the defendant to do, if he thought it would sustain his contention. As the case stands, I find the patent to be valid in this particular; and, being valid, it sustains the fourth and fifth claims. If it required further invention to make the machine in its present form, as to which the evidence is conflicting, it would still be subordinate to the patent, because the devices mentioned in those claims appear to be legitimate sub-combinations of the machine patented.

*Second.* I cannot agree that it required no invention to make the plaintiff's tool, after the Hodges and Addy patents were published.

It is, undoubtedly, an improvement upon both of them, in the sense of the patent law; that is, a change from them, and, I think, a valuable one. It may be regarded, perhaps, as a combination of the merits of both those machines; but, tried by all usual tests,—of convenience, simplicity, and cheapness,—the change is, in my judgment, a patentable one.

Decree for the complainant.